## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| ROBERT L. NORMAN, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Civil Action |
| | ) No. 12-3079-CV-S-RED-H |
| JUAN CASTILLO, Warden, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners,

petitions this Court for a writ of habeas corpus in which he challenges his conviction. The petition

has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because this

Court lacks jurisdiction of petitioner's claims, it will be recommended that he be denied leave to

proceed in forma pauperis.

As grounds for relief in habeas corpus, petitioner alleges that his constitutional rights were

violated in his criminal case because he was actually innocent of the charges against him in the

underlying case in the United States District Court for the Southern District of Iowa. He contends

that he has pursued all available remedies, and that his 28 U.S.C. § 2255 motions have been and will

be inadequate and ineffective.

The law is clear that a petitioner who seeks to attack the validity of a federal sentence must

do so in the sentencing court pursuant to 28 U.S.C. § 2255 unless it appears that the motion is

inadequate or ineffective to test the validity of the detention. E.g., Winston v. Mustain, 562 F.2d

565, 566 (8th Cir. 1977). Even if a specific claim was previously raised pursuant to § 2255 and

denied, this does not necessarily demonstrate that the remedy is ineffective. Campbell v. Clark, 274

F. Supp. 556, 560 (D. Mn. 1967). A petitioner has the burden, moreover, of showing that the "inadequate or ineffective" test has been met. Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam).

Regardless of petitioner's assertions in this case, the action is improperly filed under the provisions of 28 U.S.C. § 2241. Petitioner has failed to establish that 28 U.S.C. § 2255 is inadequate or ineffective to test the validity of his conviction. The issues he raises are cognizable, if at all, in the sentencing court, the Southern District of Iowa, and it is clear that this Court lacks jurisdiction of petitioner's claims. Accordingly, it must be recommended that the petition be dismissed without prejudice.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis and that the petition herein for writ of habeas corpus be dismissed without prejudice.

/s/ James C. England
JAMES C. ENGLAND
United States Magistrate

Date:   4/24/12